UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRAIVAN EUCLIES CONTRERAS RUEDA, A-244-451-574,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION,

Respondent.

No. 1:26-cv-08597-TLN-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and proceeds without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case was referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1) and the court's minute order on October 21, 2026. (ECF No. 4.) The petition and respondent's answer are before the court. (ECF Nos. 1, 9.) No further briefing is necessary. For the reasons set forth below, the undersigned recommends the court grant the petition and order respondent to release petitioner from custody immediately.

**I. Background**

Petitioner is a native of Venezuela who applied for admission at a port of entry and was paroled into the United States on March 21, 2024. (ECF No. 9-1 at 4; ECF No. 9-4.) Under respondent's evidence, petitioner's parole expired on March 21, 2026. (Id. at 4.) On June 6, 2024,

petitioner was issued a Notice to Appear charging him as being removable as a noncitizen not in possession of a valid visa or entry document under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA). (ECF No. 9-3 at 4.)

Petitioner was detained by ICE on September 21, 2026, during an enforcement operation in Seattle, Washington. (ECF No. 9-1 at 2.) A Warrant of Arrest was issued on the same date. (ECF No. 9-2.)

Petitioner filed the pending petition on October 19, 2026, and alleges violations of the Due Process Clause of the Fifth Amendment and the INA. (ECF No. 1 at 6-7.) Respondent argues petitioner is one of a narrow class of noncitizens subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and application of the entry fiction doctrine due to his expired parole. (ECF No. 9.) According to respondent, petitioner has no due process claim in that posture. (Id.)

**II. Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

**III. Discussion**

Petitioner acquired a protected liberty interest in his continued freedom when immigration officials paroled him into the United States on March 21, 2024. See, e.g., Chavarria v. Chestnut, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025) ("non-citizens paroled into the United States pursuant to § 1182(d)(5) have a liberty interest in their continued release, entitling them to certain due process protections"). "Even if [petitioner] is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause." Gurtaj S. v. Bondi, No. 1:26-CV-01031-TLN-CSK, 2026 WL 2225023, at *1 (E.D. Cal. Aug. 3, 2026). Although the record indicates petitioner's parole expired, after which immigration officials did not immediately detain petitioner, the "liberty interest [does] not expire along with his parole." D.L.C. v. Wofford, 820 F. Supp. 3d 1106, 1111 (E.D. Cal. 2026) (noting

"numerous courts" have so held). "The court therefore need not determine whether § 1225 or § 1226 applies… because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme." Cajina v. Wofford, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025); but see also Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225).

Having found petitioner has a clear interest in his continued freedom protected by the Due Process Clause, the court considers the three factors set forth in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). Petitioner has a substantial private interest in maintaining his out-of-custody status which is strengthened by his time living freely in the community. See Zadvydas, 533 U.S. at 690; Doe v Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). The risk of an erroneous deprivation of this liberty interest is high because respondents do not argue petitioner presents a danger to the community or a flight risk. In addition, the government's interest in detaining petitioner without any procedural protections is "low." See Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); Doe v. Becerra, 787 F. Supp. 3d at 1094 (noting custody hearings in immigration court are routine and impose a "minimal" cost on the government).

On balance, the Mathews factors show due process required an individualized hearing prior to petitioner's detention. Respondent points to no reasons why a pre-deprivation hearing could not be held and provides no evidence warranting petitioner's re-detention without providing an individualized hearing or any other process. The appropriate remedy is petitioner's immediate release on any conditions he was subject to prior to his detention on September 21, 2026. See, e.g., Cajina v. Wofford, 2025 WL 3251083, at *6; Soler v. Warden, Mesa Verde Det. Facility, No. 1:26-CV-05417 DAD SCR, 2026 WL 2138152, at *2 (E.D. Cal. July 24, 2026), report and recommendation adopted, No. 1:26-CV-05417-DAD-SCR, 2026 WL 2168773 (E.D. Cal. July 27, 2026).

////

////

## IV. Recommendation

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Respondent be ordered to RELEASE petitioner IMMEDIATELY on any conditions he was subject to prior to his detention on September 21, 2026, and respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide seven (7) days' notice to petitioner and a pre-deprivation bond hearing before a neutral arbiter at which petitioner's eligibility for bond must be considered.
3. The order not address the circumstances under which the government may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.
4. Judgment be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 4, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 cont8597.mer